**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONNEY MUSGROVE (#383427)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SGT. JOHNELL ROSS, ET AL.** | **NO. 11-0445-FJP-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 9, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RONNEY MUSGROVE (#383427)**  CIVIL ACTION

**VERSUS**

**SGT. JOHNELL ROSS, ET AL.**  NO. 11-0445-FJP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Johnell Ross, Ass't Warden Orville Lamartinere and Ms. Connie in the LSP Administrative Office, complaining that his constitutional rights have been violated by the defendants' failure to fully compensate him for hobby-craft products he created for defendant Ross.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's Complaint, the Court concludes that the

plaintiff's allegations fail to rise to the level of a constitutional violation.

Initially, it is unclear from the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against state officials acting in their official capacities. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Specifically, the United States Supreme Court has made clear that a suit against a state official in his official capacity for monetary damages is treated essentially as a suit against the State and is therefore barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Accordingly, while the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable, his claim against the defendants in their official capacities is subject to dismissal.

Turning to the plaintiff's claim asserted against the defendants in their individual capacities, he alleges in his Complaint that, in June, 2010, he entered into a written agreement with defendant Ross for the defendant to purchase a "pair of monogramed [sic] initial wheel base plates" and "a sculptured Michael Jordan Plaque" for an agreed upon price of $100.00. The plaintiff asserts that, as required, he submitted the original signed agreement to defendant Lamartinere's Office, but the written agreement has allegedly been lost or misplaced. As a result, defendant Ross now asserts that the price agreed upon for the referenced plaque was in fact $50.00 and that he has not agreed to purchase the referenced "wheel base plates". The plaintiff further complains that when he filed an administrative grievance complaining of defendant Ross' wrongdoing, the defendant threatened the plaintiff with a disciplinary violation. Finally, the plaintiff complains that defendant Ross has not even paid the disputed amount of $50.00 for the referenced plaque and that, "due to defendant Sgt. Ross' defamation", the plaintiff has lost monies which he otherwise would have earned selling

hobby-craft products to security officers employed at LSP.

Initially, the plaintiff's claim that he has been deprived of monies which are contractually owed to him by defendant Ross is not properly before this Court. In the first place, § 1983 imposes liability upon state officials for the violation of an individual's constitutional rights. The mere failure to honor a contractual agreement, however, does not amount to a constitutional violation. Second, under well-established federal jurisprudence, an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).[1] The burden is on the complainant to show that a post-deprivation remedy is not adequate. Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984). The plaintiff in the instant case has not alleged, however, nor is there any evidence to suggest, that state post-deprivation remedies were unavailable to him or inadequate. To the contrary, Louisiana had ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss. Marshall v. Norwood, supra. Accordingly, the plaintiff's claim relative to the loss of his property must be dismissed.

The plaintiff also apparently complains that defendants Orville Lamartinere and Ms. Connie caused or contributed to his loss by misplacing or losing the written contractual agreement which he had entered into with defendant Ross. This claim is not one of constitutional dimension. Rather, it sounds more in the nature of a claim of mere negligence which is not cognizable under § 1983. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). Accordingly, the plaintiff fails to state a claim of constitutional dimension relative to these defendants.

---

[1] The underlying rationale of Parratt and Hudson is that when deprivations of property are effected through either negligent or intentional conduct on the part of a state employee, pre-deprivation procedures are simply "impracticable" since the state cannot know when such deprivations will occur. Hudson v. Palmer, supra.

The plaintiff next complains that, when he filed an administrative grievance relative to defendant Ross' alleged wrongdoing, defendant Ross approached the plaintiff and threatened to file disciplinary charges if the plaintiff did not agree to voluntarily withdraw the grievance. The plaintiff does not allege, however, that defendant Ross in fact carried out this threat, and the law is clear that mere threats and verbal abuse alone do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."). Accordingly, this claim as well must fail.

Finally, the plaintiff asserts that, because of the defendants' "defamation" of his character, the plaintiff has lost monies that he otherwise would have earned selling hobby-shop merchandise to security officers employed at LSP. Injury to reputation, however, without more, is not a liberty interest protected under the Fourteenth Amendment to the United States Constitution. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Accordingly, the plaintiff's claim asserted against the defendants relative to "defamation" is not a claim of constitutional dimension and is not properly before the Court.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the

plaintiff's state law claims and that the plaintiff's action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), without prejudice to any state law claims which the plaintiff may have.[2]

Signed in Baton Rouge, Louisiana, on September 9, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."